**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4249**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BOBBY ROGER BURCH, a/k/a Rob Patterson, a/k/a Rob Bob,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:19-cr-00060-MR-WCM-1)

Submitted:  November 30, 2021                               Decided:  August 16, 2022

Before AGEE, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  D. Baker McIntyre III, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Roger Burch pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and the district court sentenced him to 262 months' imprisonment. On appeal, Burch's counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), certifying that no meritorious grounds exist for appeal but broadly questioning whether Burch's sentence is reasonable and whether trial counsel was ineffective. The Government declined to file a response brief. In a pro se supplemental brief, Burch argues that his sentence is procedurally and substantive unreasonable. We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). To pass muster under this review, the sentence must be both procedurally and substantively reasonable. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then this court reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can

2

only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

We discern no procedural error in Burch's sentence. The district court properly calculated the advisory Guidelines range, responded to the parties' nonfrivolous arguments, and applied the § 3553(a) factors. The district court also provided an explanation for the chosen sentence.[1] Furthermore, we conclude that the sentence is substantively reasonable because Burch's sentence fell within the Guidelines range and nothing in the record rebuts the presumption of reasonableness accorded to it. *See Louthian*, 756 F.3d at 306.

Turning to the issue of ineffective assistance, "[i]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance."[2] *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020). In his brief, *Anders* counsel asserts that Burch stated he did not have adequate time to meet with his trial counsel and that trial counsel had assured Burch he would receive a 10-year imprisonment term. Having reviewed the record, we conclude that ineffective assistance of counsel does not

---

[1] Burch's appeal was placed in abeyance for our decision in *United States v. Oliver*, No. 20-4500, 2022 WL 1223716 (4th Cir. Apr. 26, 2022). Unlike the defendant in *Oliver*, however, Burch did not object to the proposed terms of supervised release before the district court, and we conclude that the district court's explanation for imposing the discretionary conditions of supervised release in this case was sufficient.

[2] In his pro se brief, Burch states that he primarily seeks to preserve his claims of ineffective assistance for collateral review proceedings.

3

conclusively appear on the present record, so we decline to consider this claim on direct appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This Court requires that counsel inform Burch, in writing, of the right to petition the Supreme Court of the United States for further review. If Burch requests that counsel file such a petition, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that counsel served a copy thereof on Burch. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*